[No. 3777.   Decided April 13, 1901.]

E. A. DE MERS, *Appellant*, v. SANDY SPIT FISH COMPANY *et al., Respondents.*

APPEAL—DISMISSAL—RESUMPTION OF JURISDICTION BY TRIAL COURT.

Where a motion by appellants to dismiss their own appeal was filed on June 26th, with respondent's permission to have the motion acted on at once indorsed thereon, and notice was served on the parties that the motion was granted, though a formal dismissal of the appeal was not made by the supreme court until September 14th, the trial court again acquired jurisdiction of the cause so as to make its orders entered therein on the 30th of June legal.

FISHING SITE — ABANDONMENT — RELOCATION.

The failure of a locator of a fishing site to construct a trap thereon during the fishing season covered by his license, under Laws 1897, p. 214, § 7, does not constitute such an abandonment of the location as to disqualify the licensee for relocating the same for the next fishing season.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge.   Reversed.

*Dorr & Hadley,* for appellant.

*Kerr & McCord,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is a contest between two rival fishing companies.   The plaintiff alleged that he had an established fishing trap in the waters of Puget Sound, and that the defendants, undertaking to make a location for a fishing trap, had in divers and sundry ways encroached upon

his rights, and had driven piles for the purpose of constructing a salmon pound net or fish trap, in such a manner as to absolutely shut off the run of salmon to plaintiff's location, and so as to close up and destroy the end passage which is required by the laws of the state of Washington to be left between the salmon pound nets or fish nets. The encroachments and alleged violations were set out with particularity, but it is not necessary to repeat them here. Answer was made, alleging the licenses and locations by the defendants, and encroachment on the part of the plaintiff. Injunctive relief was asked by the plaintiff. Upon the trial a temporary injunction was granted in favor of the plaintiff, and against the defendants. From this order of injunction an appeal was taken to this court, and a supersedeas bond was given. This injunction was issued on July 12, 1899. The appeal was dismissed in this court on September 14, 1900. But on June 26th a motion was filed here by the appellants in that case to dismiss their appeal. This motion had been served upon the attorneys for the respondent, who was the plaintiff in the action below, and he indorsed thereon permission to have the motion acted upon at once. Nothing was done with the injunction in this case until June 18, 1900, when a cross complaint was filed by the defendants, the respondents here, and a temporary injunction prayed for. On June 21, 1900, a motion was made by the defendants to vacate the temporary injunction which had been granted on July 12th. On June 27th, a temporary injunction in favor of the respondents (defendants below) was asked for. On June 30th the temporary injunction issued on July 12, 1899, was vacated, and on the same day a temporary injunction was issued against the plaintiff below and in favor of the defendants. The vacation of the injunction against the defendants, and the issuing of the injunction against

the plaintiff, were based upon certain affidavits which were presented, setting forth the fact that the plaintiff had abandoned his claim by reason of not having erected his traps during the license season, the court having acted upon the theory, which was then generally accepted by the bar of the state, that, under the provision of the statute, if the locator fails to construct his appliance during the fishing season covered by his licence, such location shall be deemed abandoned. Since the issuing of this injunction, however, this court in the case of *Legoe v. Chicago Fishing Co., ante,* p. 175, decided March 7, 1901, has placed a different construction upon that statute, and has held that such abandonment or failure to construct a trap does not disqualify and preclude the locator from relocating the same, if he were otherwise qualified. It is contended by the appellant that the court had no jurisdiction to act in the premises, for the reason that the case was on appeal to this court. We are inclined to think from the record, however, that notice had been given of the dismissal of the cause here before the order of the court made on the 30th of June, 1900, although the cause had not been formally dismissed until the September following.

But, conceding the jurisdiction of the court, we do not think there is sufficient testimony in the record to warrant the granting of the injunction in favor of the defendants. Outside of the question of abandonment, there was no testimony before the court at the time the last injunction was granted which was not before it at the time of the granting of the first injunction. We are inclined to think that the testimony, although somewhat conflicting, justified the court in issuing the injunction against the respondents, and it therefore necessarily follows that it is not sufficient to warrant the granting of an injunction against the appellant, and the latter injunction having been granted by the

court, not upon any additional evidence, but upon a mistaken view of the law, the cause will be reversed, with instructions to the lower court to vacate the injunction appealed from.

REAVIS, C. J., and FULLERTON, ANDERS, and MOUNT, JJ., concur.